UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIALECT, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE LLC,<br><br>　　　　Defendant. | Case No.  24-cv-04388-JSC<br><br>**ORDER RE: DEFENDANT'S MOTION TO STAY PENDING IPR PROCEEDINGS**<br><br>Re: Dkt. No. 58 |

　　　Dialect alleges Google infringes seven of its patents: U.S. Patent Nos. 7,398,209 ('209 patent),[1] 7,502,738 ('738 patent), 7,640,160 ('160 patent), 7,693,720 ('720 patent), 8,015,006 ('006 patent), 8,447,607 ('607 patent), and 8,849,652 ('652 patent) (collectively, the "asserted patents). Google now moves to stay these proceedings pending *inter partes* review ("IPR"). (Dkt. No. 58.)[2] After carefully considering the parties' pleadings and having had the benefit of oral argument on September 26, 2024, the Court GRANTS Google's motion to stay.

## BACKGROUND

### I.　　Second Amended Complaint Allegations

　　　The asserted patents were all invented by VoiceBox Technologies. "Voicebox was a key pioneer in the fields of voice recognition technology and natural language understanding." (Dkt. No. 67 ¶ 1.) The technologies provide key functionality for a variety of electronic devices. (*Id.*)

---

[1] The parties agreed at oral argument that the '209 patent was no longer at issue in the present case because Dialect had amended its complaint to exclude it. Upon review of the Second Amended Complaint, Dialect still maintains its '209 patent is part of this suit. (*See, e.g.* Dkt. No. 67 ¶¶ 1, 19-24, 33, 65, 78-115.) Indeed, Count One is for infringement of the '209 patent. Google has not disclosed whether it sought IPR institution of '209.

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1    Dialect is the current owner and assignee of the asserted patents. (Dkt. No. 67 ¶ 5.)

2        Dialect accuses Google of infringing its patents through several of its products and

3    services, including:

> the Google Assistant Platform, including Google Assistant's Conversational Actions, App Actions, smart home Actions, Google Assistant for Android Auto, and/or media Actions; servers, network infrastructure, smartphones, tablets, and internet of things ("IoT") devices such as Google Home devices comprising software to access such Google Assistant Platform products and services alone or in combination with Android software, Android Auto software, and/or Android Automotive OS software; and Dialogflow virtual agents comprising Google Assistant Platform technology (collectively, the 'Accused Google Assistant products and Services').

(Dkt. No. 67 ¶ 76.) Dialect alleges each of these products and services infringes one or all the asserted patents. (Dkt. No. 67 ¶¶ 76-77.)

## II.   Procedural History

On April 3, 2023, Dialect filed a complaint in the District of Delaware against Google for alleged patent infringement. (Dkt. No. 1.) Google moved to dismiss the case on June 9, 2023, and Dialect subsequently filed its First Amended Complaint on June 23, 2023. (Dkt. Nos. 9, 14.) In light of the amended complaint, the Delaware court denied Google's motion as moot on July 3, 2023, and Google filed a new motion to dismiss on July 7, 2023. (Dkt. Nos. 15, 16). On August 23, 2023, before the Delaware court heard the motion to dismiss, Google filed a motion to transfer the case to the Northern District of California, which the Delaware court granted on March 28, 2024. (Dkt. Nos. 22, 32.) The case was transferred to this court on July 23, 2024. (Dkt. No. 33.) Upon reassignment, this Court denied the still-pending motion to dismiss as moot and directed Google to refile its motion in accordance with the local rules of the district. (Dkt. No. 54.) Google then filed the present motion to stay pending IPR on August 12, 2024, and renewed its motion to dismiss on August 19, 2024. (Dkt. Nos. 58, 61.) On September 4, 2024, the parties stipulated to Dialect's filing of its Second Amended Complaint and agreed to extend Google's time to respond to that complaint until after this Court rules on the pending motion to stay. (Dkt. Nos. 66, 67.)

On April 5, 2024, Google filed IPR petitions "challenging all patents asserted in the Amended Complaint," though these petitions do not encompass all the claims across the asserted

patents.³ (Dkt. No. 58 at 39.) The Patent Trial and Appeal Board ("PTAB") is expected to make institution decisions for the '738, '160, '006, '607, and '652 patents by October 16, 2024, and for the '720 patent by October 25, 2024. (Dkt. No. 58 at 9.)

## DISCUSSION

### I. Motion to Stay

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In particular, a "district court has inherent power to stay proceedings pending resolution of parallel actions in other courts." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (citing *Landis*, 299 U.S. at 254). This inherent power extends to staying proceedings pending resolution of *inter partes* review. *See Topia Tech., Inc. v. Dropbox Inc.*, No. 2023-cv-00062-JSC, 2024 WL 3437823 at *3 (N.D. Cal. May 12, 2023). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

In deciding whether to stay a case, courts must "weigh [the] competing interests" of "economy of time and effort for itself, for counsel, and for litigants" and "maintain an even balance." *Landis*, 299 U.S. at 254-55. Courts consider the following in guiding this balancing exercise:

> (1) the stage of the litigation, including whether discovery is or will be almost completed and whether the matter has been marked for trial;
> (2) whether a stay will unduly prejudice or tactically disadvantage the nonmoving party; and
> (3) whether a stay will simplify the issues in question and streamline the trial, thereby reducing the burden of litigation on the parties and on the court.

*Oyster Optics, LLC v. Ciena Corp.*, No. 20-cv-02354-JSW, 2021 WL 4027370, at *1 (N.D. Cal. Apr. 22, 2021).

---

³ Google also filed an IPR petition for the U.S. Patent No. 9,031,845 ('845 patent), and this patent is referenced in the motion to stay pleadings. (Dkt. Nos. 58, 58-8.) Dialect's Second Amended Complaint removes all allegations related to the '845 patent.

3

### A. Stage of Litigation

"The first factor the Court considers is whether the litigation is at an early stage." *Zomm, LLC v. Apple Inc.*, 391 F. Supp. 3d 946, 956 (N.D. Cal. 2019) (citing *AT&T Intellectual Property I v. Tivo, Inc.*, 774 F. Supp. 2d 1049, 1052 (N.D. Cal. 2011)). "An early stay may save the parties and the Court from unnecessarily expending significant resources. A stay later in the proceedings will likely produce less benefit and increase the possibility of prejudice." *Largan Precision Co. v. Motorola Mobility LLC*, No. 21-cv-09138-JSW, 2022 WL 294935, at *4 (N.D. Cal. July 26, 2022). Courts typically consider "(1) whether parties have engaged in costly expert discovery and dispositive motion practice; (2) whether the court has issued its claim construction order; and (3) whether the court has set a trial date." *Id.*; *see also PersonalWeb Techs., LLC v. Apple Ins.*, 69 F. Supp. 3d 1022, 1025-26 (N.D. Cal. 2014) (collecting cases).

The early stage of litigation favors a stay. This case was filed in April of 2023, but no court has considered the merits of Google's motions to dismiss, and Dialect has amended its complaint after each such motion was filed, including as recently as August of this year. "The parties agree that this case is in its infancy." (Dkt. 63 at 13.) The parties have not engaged in any discovery, there has not yet been an initial case management hearing, the Court has not set a trial date for the case, and the parties have not yet fully briefed the most recently filed motion to dismiss. *See Speir Techs. Ltd. v. Apple, Inc.*, No. 23-cv-00095-EJD, 2023 WL 2714931, at *2 (N.D. Cal. Mar. 30, 2023) (finding incomplete discovery, no set trial date, no case management schedule, and no answer by the defendant to the amended complaint as factors weighing in favor of a stay).

Dialect's argument that a stay is premature since the Board will make its institution decision in the next month is unpersuasive. "Either party may file a motion to lift the stay if any part of the petitions for IPR are denied—so any concern that the motion is premature is alleviated by the short time frame of the initial stay and the Court's willingness to reevaluate the stay if inter partes review is not instituted for all of the asserted claims." *Anza Tech., Inc. v. Toshiba Am. Elec. Components Inc.*, No. 17-cv-0707289-LHK, 2018 WL 4859167 at *2 (cleaned up) (quoting *Evolutionary Intel. LLC v. Facebook, Inc.*, No. 13-cv-0402-SI, 2014 WL 261837, at *3 (N.D. Cal.

4

1  Jan. 23, 2014)).

2  The early stage of litigation favors a stay.

### a. Simplification of the Issues

"[T]he filing of an IPR request does not by itself simplify the issues in a case." *DiCon Fiberoptics, Inc. v. Precisely Microtechnology Corp.*, No. 15-cv-1362-BLF, 2015 WL 12859346, at *2 (N.D. Cal. Oct. 13, 2015). A stay is appropriate when a Patent and Trademark Office ("PTO") proceeding "would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue." *Slip Track Sys., Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1341 (Fed. Cir. 1998). When the IPR petitions encompass all the asserted patents in a case, courts have found "[i]f granted, an IPR will, likely, simplify [the] case." *Int'l Test Sols., Inc. v. Mipox Int'l Corporation*, No. 16-cv-00791-RS, 2017 WL 1316549, at *2 (N.D. Cal. Apr. 10, 2017).

"The standard is simplification of the district court case, not complete elimination of it by the PTAB." *Finjan v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1036 (N.D. Cal. 2015) (citing *LELO, Inc. v. Standard Innovation (US) Corp.*, No. 13-cv-01393-JD, 2014 WL 2879851, at *3 (N.D. Cal. June 24, 2014)). Thus, "[e]ven when claims survive an IPR proceeding, the proceeding can facilitate trial by providing the Court with expert opinion of the PTO and clarifying the scope of the claims." *Topia Tech.*, 2024 WL 3437823, at *4 (quoting *Largan Precision Co., v. Motorola Mobility LLC.*, No. 21-cv-09138-JSW, 2022 WL 2954935, at *2 (N.D. Cal. 26, 2022)). And when claims do not survive IPR, "estoppel narrows invalidity arguments petitioners can bring in subsequent proceedings." *Id.* (citing 35 U.S.C.A. § 315(e)(2)).

Google's IPR petitions encompass almost all the asserted patents and most claims across the same. (Dkt. 58 at 9 (the IPR petitions encompass 151 out of the 213 total claims in the patents).) Given the sheer number of claims Plaintiff asserts, elimination of even some of the claims will simplify this action. Dialect does not dispute the potential for simplification, but instead argues any simplification is speculative because Google does not explain why there is a high likelihood the claims will be instituted. (Dkt. 63 at 13.) Dialect also argues the PTAB's institution decisions on Amazon's recent challenge of eight similar but unrelated patents

5

1  demonstrates there is minimal likelihood of institution for the asserted patents.  (Dkt. 63 at 7-8,
2  11.)
3          Despite Dialect's proffered evidence, the PTAB is likely to institute some or all of
4  Google's IPR petitions.  The PTAB reported it instituted 67% of all petitions in the fiscal year
5  2023, which was comparable to 66% of petitions instituted in the fiscal year 2022 and a near 10%
6  increase in the previous two years' institution rates (56% and 58% institution rates in 2020 and
7  2021 respectively).  *See* U.S. PAT. & TRADEMARK OFF., PTAB Trial Statistics FY24 Q3
8  Outcome Roundup IPR, PGR, at 6, https://www.uspto.gov/sites/default/files/documents/ptab_aia_
9  fy2024 _q3_roundup_.pdf.  And the current year so far shares a similarly high institution rate.  *Id.*
10  (66% institution rate for the year 2024 through June 30, 2024).  Indeed, Dialect's evidence that
11  two out of eight patents with the same inventors and similar subject matter were instituted
12  suggests that at least some of the asserted petitions are likely to be instituted.  (Dkt. No. 63 at 7-8.)
13  For example, the claim for the asserted patent '607 bears some resemblance to the claim
14  description of the instituted patent '681.  (*Compare* Dkt. 67 ¶ 56 ("A device for processing natural
15  language inputs, comprising one or more processors configured to: receive a natural language
16  utterance from a user; … generate a speech-based transcription based on a personal cognitive
17  model associated with the user and a general cognitive model, wherein the personal cognitive
18  model includes information on one or more prior interactions between the device and the user.");
19  *with* Dkt. No. 63-3 at 18-19 ("The '681 patent, … generally describes a human to machine voice
20  user interface that uses short-term and long-term knowledge to understand and respond to
21  utterances in an identified context.  Short-term knowledge may accumulate during a single
22  conversation, *e.g.*, as a history of the conversation.  Long-term knowledge is unconstrained by a
23  current session, is user-centric, and accumulates over time to build user profiles.") (cleaned-up).)
24          So, there is a substantial likelihood some or all the asserted patents will be instituted.  This
25  will likely simplify the issues in the present case and will benefit the Court in "determining patent
26  validity and, if the claims were canceled in the reexamination, would eliminate the need to try the
27  infringement issue."  *Slip Track Sys*, 159 F.3d at 1341.  This factor weighs in favor of a stay.
28

### b. Prejudice to Dialect

"Third, the Court looks to whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *PersonalWeb Techs.*, 69 F. Supp. 3d at 1029. And "[c]ourts have repeatedly found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay." *Palo Alto Networks, inc. v. Packet Intelligence LLC*, No. 19-cv-02471-WHO, 2020 WL 5760475, at *2 (N.D. Cal. Sept. 28, 2020).

Dialect argues (1) Google "has not acted expeditiously;" (2) "Google has repeatedly and systematically attempted to delay" this case; and (3) "there is no risk of wasted resources" were this Court to wait for institution decisions prior to staying the case. (Dkt. No. 63 at 14-15.) None of these arguments is persuasive here.

First, while Dialect is correct Google did not file its petitions until "a mere day before the statutory bar," (Dkt. No. 63 at 14), courts have previously found "the timing of these filings, standing alone," is "insufficient evidence of undue prejudice." *Bell Semiconductor, LLC v. NXP USA, Inc.*, No. 22-cv-02133-HDV-ADS, 2024 WL 3914500, at *2. And other courts have similarly found that when a defendant files IPR petitions within the statutory period, such action is neutral at best. *Cortex MCP, Inc. v. Visa, Inc.*, No. 23-cv-05720-EJD, 2024 WL 3511637, at *3 (N.D. Cal. July 22, 2024). Further, Dialect does not explain how this alleged delay prejudices it, especially in light of its amended complaints, the most recent of which also removed one of its asserted patents. (*See* Dkt. No. 64-2 at 3.)

Second, Dialect's argument that Google has attempted to delay these proceedings is unpersuasive. Google filed numerous motions to dismiss within the required deadline for each of Dialect's complaints. Google also moved to transfer the case soon after Dialect filed its First Amended Complaint. *Id.* Further, Dialect did not file its Second Amended Complaint until September 4, 2024. Google has not dragged its feet in this proceeding.

Third, Dialect contends there is minimal risk of expending resources when an institution decision is expected soon after this Court grants a stay in this case. And most cases Google cites to counter this position involve longer periods of time between the order to stay proceedings and the institution decision than the present case. *See, e.g., RJ Tech. LLC v. Apple Inc.*, No. 22-cv-

7

1   01874-JVS (JDEx), 2023 WL 8188475 (four months); *Topia Tech.*, 2023 WL 3437823 (four
2   months); *Viavi Sols. Inc. v. Platinum Optics Tech. Inc.*, No. 20-cv-05501-EJD, 2021 WL 1893142
3   (N.D. Cal. May 11, 2021) (five months); *Evolutionary Intel., LLC v. Facebook, Inc.*, No. 13-cv-
4   04202-SI, 2014 WL 261837 (four months). On the other hand, courts have previously found a
5   stay as short as a month to be reasonable. *Cortex*, 2024 WL 3511637, at *3 ("The Court finds that
6   this timing does not prejudice [the defendant.]"). And, here, Google's motion to dismiss the
7   Second Amended Complaint is pending. If the Court does not grant a stay now, the parties' and
8   the Court's resources may be wasted working on that motion before the IPR institution decisions.
9   Thus, although the stay period may be short, the parties and the Court will still conserve valuable
10  resources during this time.

"Absent a showing that the parties are direct competitors and that the plaintiff's competitive position would be prejudiced by a stay, courts generally find that a plaintiff does not risk irreparable harm" from the grant of a stay. *Finjan*, 139 F. Supp. 3d at 1038 (cleaned up). Dialect is not a competitor to Google. While Dialect argues this factor alone "does not negate[] a finding of undue prejudice," it does not explain why this factor would weigh in its favor. (Dkt. No. 63 at 15.) Further, absent competition between the parties, courts have rarely found undue prejudice exists. *See RJ Tech.*, 2023 WL 8188475 at *4 (collecting cases).

And Dialect does not appear to argue it would truly suffer any prejudice from a stay, arguing instead that "[a] showing of undue prejudice is not necessary to defeat a motion for a pre-institution stay." (Dkt. 63 at 15.) Even so, Dialect has not shown how a stay would prejudice it in any meaningful way. This factor weighs in favor of a stay.

## CONCLUSION

Because a stay will benefit the Court and help conserve the Court's and the parties' resources at this early stage while not prejudicing Dialect, the Court GRANTS Google's motion to stay until further Court order. The Court will hold a status conference on **December 12, 2024 at 1:30 p.m. via Zoom video** to address the stay.

If the parties agree the stay should continue in light of the expected October 2024 IPR institution decisions, they shall so stipulate in advance of the December 5 conference.

If the parties agree the stay should be dissolved in light of the October 2024 IPR decisions, they shall submit a joint case management statement by December 5, 2024.

If Dialect believes a stay is no longer warranted in light of the IPR institution decisions (and Google disagrees), Dialect shall file a written submission, not to exceed 10 pages, by November 21, 2024, explaining why a continued stay is not warranted.  Google may respond by November 27, 2024, via written submission not to exceed 10 pages.  The Court will then address the stay at the December 12, 2024 status conference.

This Order disposes of Docket No. 58.

**IT IS SO ORDERED.**

Dated: September 26, 2024

JACQUELINE SCOTT CORLEY
United States District Judge